Baker & McKenzie LLP

452 Fifth Avenue
New York, NY 10018
United States

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

**BAKER & MCKENZIE**

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

February 2, 2015

**Via ECF**

Judge Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
**Brooklyn, New York 11201**

    Re:   *Yevgeniya Prokopishen v. AMResorts, L.P. and Cheapcaribbean.com, Inc.*,
          No. 14-cv-07173

Dear Judge Gershon:

    We represent Defendant AMResorts, L.P. ("<u>AMResorts</u>" or "Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Practices, we write respectfully to request the Court's permission to file a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), which motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(d).

    At issue in this case are allegations that Defendant AMResorts owned, managed, operated, controlled, maintained or repaired a hotel in the Dominican Republic at which the Plaintiff claims to have suffered an injury.[1] In addition, Plaintiff alleges that AMResorts owned Defendant Cheapcaribbean.com as a subsidiary.[2] However, AMResorts does not own or operate the hotel, but rather is one of a number of affiliated companies involved in providing marketing, distribution, brand management and hotel management assistance to hotels. Neither AMResorts nor its affiliates manage the day-to-day operations of those hotels, a function carried out by staff employed by the hotels directly or under service contracts between the hotel and third parties not affiliated with Defendant. Therefore, Plaintiff has failed state a claim upon which relief can be granted.

    According to the Complaint, the Plaintiff Yevgeniya Prokopishen traveled to the Dominican Republic in December 2011 to stay at the Dreams La Romana Resort. It is alleged that on December 15, 2011, the Plaintiff injured herself on the hotel's premises.[3] The Plaintiff filed the Complaint on December 9, 2014, almost three years to the day from the date of the alleged incident. The Defendants are independent companies, but related through a corporate parent. In essence, Plaintiff has sued the wrong party and AMResorts should not have to defend against such allegations.

---

[1] *See* Complaint, ¶¶ 8 - 13 and ¶¶ 26 - 27.
[2] *See* Complaint, ¶¶ 14 - 15.
[3] *See* Complaint, ¶ 27.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

For the reasons detailed below, Defendant AMResorts seeks leave to file a motion to dismiss the action with prejudice under Fed. R. Civ. P. 12(b)(6). Because the evidence to support the motion to dismiss pursuant to Rule 12(b)(6) presents matters outside the pleadings (namely evidence that AMResorts does not own, operate or otherwise control the hotel at issue), the motion must be treated as one for summary judgment under Rule 12(d).

**Plaintiff's Claims Must Be Dismissed Pursuant to Rule 12(b)(6)**

  *A.* <u>*Plaintiff Fails to State a Cause of Action for Negligence*</u>. The Complaint purports to assert a cause of action for negligence. Under New York law, "[a] plaintiff asserting a negligence claim must be able to show that the defendant owed the plaintiff a cognizable duty of care, that the defendant failed to exercise that duty, and that the plaintiff suffered injury as a proximate result of that failure." *Caronia v Philip Morris United States, Inc.*, 715 F3d 417, 424 (2d Cir. 2013) (citations and internal quotation marks omitted). Here, Plaintiff has failed to allege a cause of action for negligence because the Complaint does not show that AMResorts owed the plaintiff a *cognizable* duty of care. As stated in *Twombly*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). *See* Complaint ¶¶ 18 - 34 (which lack any allegations as to duty).

  *B.* <u>*Negligence Does Not Ignore Corporate Formalities*</u>. Plaintiff seeks relief against AMResorts, a company merely affiliated with a group of companies involved in supporting hotel contracts and activities related to trademark licensing, branding, sales, distribution, and high level budgeting. Under New York law, however, "[d]isregard of corporate form is warranted only in extraordinary circumstances, and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss." *Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners LP*, 491 B.R. 335, 347 (S.D.N.Y. 2013). Instead, the Complaint contains generic and conclusory allegations that, *inter alia*, AMResorts purportedly owned, operated and controlled the hotel in the Dominican Republic. Piercing of the corporate veil is not appropriate where there is not complete domination over the corporation and used to commit a fraud.[4] As will be shown through evidence submitted with the motion to dismiss, AMResorts does not own, operate, or control the hotel at issue and Plaintiff should not be permitted to ignore corporate formalities.[5]

  *C.* <u>*Plaintiffs' Causes of Action Are Time Barred Under Dominican Law*</u>. Plaintiff's alleged injury occurred at the premises of a hotel in the Dominican Republic and, as discussed *infra* in Section D, Plaintiff entered into a contract with the hotel at

---

[4] *MAG Portfolio Consult, GmbH v Merlin Biomed Group, LLC*, 268 F3d 58, 63 (2d Cir 2001) ("Under New York law, a court may pierce the corporate veil where 1) the owner exercised complete domination over the corporation with respect to the transaction at issue, and 2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.") (citations and internal quotations omitted).

[5] *Dorfman v. Marriott Int'l Hotels, Inc.*, 2002 U.S. Dist. LEXIS 72, 58 (S.D.N.Y. Jan. 3, 2002)("Any injury that plaintiff suffered exiting an elevator in the Budapest Marriott could not plausibly have resulted from abuse of the corporate form by Otis Elevator and Otis Felvono.")

issue which stipulates that Dominican law be applicable to disputes among them. As such, the six-month statute of limitations under Dominican law should apply.[6]

*D.* *Plaintiff's Claims Are Superseded By Contract.* The Complaint must be dismissed as to AMResorts because it fails to plead any facts leading to liability against it. Though negligence is a cause of action independent of contract, Plaintiff's allegations necessarily rely on at least two contracts. First, Plaintiff booked her stay at the hotel through a booking agency, and entered into a contract to complete the purchase. Second, Plaintiff entered into a contract with the hotel. AMResorts is not a party to, or beneficiary of, either contract. Plaintiff has failed to allege any privity with AMResorts.

**Motion to Dismiss Should Be Converted to Summary Judgment Motion**

Pursuant to Rule 12(d), a motion to dismiss for failure to state a claim (12(b)(6)), should be treated as a motion for summary judgment when the Court is caused to consider matters outside the pleadings.[7] AMResorts will submit with its 12(b)(6) motion evidence of matters outside the pleadings, such as evidence of the corporate structure of AMResorts and the two aforementioned contracts. As such, the motion to dismiss should be treated as one for summary judgment.

For these reasons, Defendant AMResorts respectfully requests a pre-motion conference. Defendant AMResorts reserves the right to include further arguments in support of its motion to dismiss that may not be stated herein.

Please do not hesitate to contact me should the Court have any questions or concerns.

Respectfully submitted,

L Andrew S. Riccio (Admitted *pro hac vice*)
Grant Hanessian
Baker & McKenzie, LLP
452 Fifth Avenue
New York, New York 10018
(212) 626-4100
*Attorneys for Defendant AMResorts, L.P.*

cc: Counsel for Plaintiff Prokopishen
Counsel for Defendant cheapcaribbean.com

---

[6] In the Dominican Republic a claim against a hotel for personal injury is subject to a special prescription of six months from the date of injury. *See* Art. 2271 of the Civil Code of the Dominican Republic, as modified by Law 585 of October 24, 1941, G.O. 5661.

[7] Rule 12(d) reads, in pertinent part,

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.