UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YEVGENIYA PROKOPISHEN,                    1:14-cv-07173(NG)(SMG)
                          Plaintiff,

                                          **AMENDED COMPLAINT**
            -against-

                                          **Jury Trial Demanded**

AMRESORTS, L.P., CHEAPCARIBBEAN.COM, INC.,
AND DREAMS LA ROMANA RESORT & SPA,
                          Defendants.
-----------------------------------------------------------------X

Plaintiff, complaining of the defendants, by her attorneys, FREKHTMAN & ASSOCIATES, alleges as follows:

## THE PARTIES

1. That at the time of the commencement of this action, Plaintiff YEVGENIYA PROKOPISHEN resided in the County of Kings, City and State of New York.

2. That at all times herein mentioned, the Defendant AMRESORTS, L.P. was and still is a limited partnership duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

3. That at all times herein mentioned, the Defendant AMRESORTS, L.P. maintained its principal place of business in the County of Delaware, State of Pennsylvania.

4. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

5. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC maintained its principal place of business in the County of Bucks, State of Pennsylvania.

6. That at all times herein mentioned, the Defendant DREAMS LA ROMANA RESORT & SPA was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the Dominican Republic.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the plaintiff, who is a New York citizen and the defendants, who are Pennsylvania and Dominican Republic corporations, and the amount in controversy exceeds $75,000.

8. Venue is properly placed in the United States District Court for the Eastern District of New York since some of the transactions and occurrences that give rise to this action occurred within this District, the plaintiff resides in this district, witnesses reside in this district, and plaintiff's treating physicians maintain offices in this district.

## FACTS

9. That at all times herein mentioned, the Defendant, AMRESORTS, L.P. owned the premises and appurtenances and fixtures thereto, known as Dreams La Romana Resort & Spa located at Playa Bayahibe, La Romana, southeast coast of the Dominican Republic.

10. That at all times herein mentioned, and upon information and belief, the Defendant, AMRESORTS, L.P. managed the aforesaid premises.

11. That at all times herein mentioned, and upon information and belief, the Defendant, AMRESORTS, L.P. operated the aforesaid premises.

12. That at all times herein mentioned, and upon information and belief, the Defendant, AMRESORTS, L.P. controlled the aforesaid premises.

13. That at all times herein mentioned, and upon information and belief, the Defendant, AMRESORTS, L.P. maintained the aforesaid premises.

14. That at all times herein mentioned, and upon information and belief, the Defendant, AMRESORTS, L.P. repaired the aforesaid premises.

15. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC was owned by the Defendant, AMRESORTS, L.P.

16. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC was a subsidiary of the Defendant, AMRESORTS, L.P.

17. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC was and still is a travel agency.

18. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC held themselves out to the public as having expertise in scheduling and booking vacations.

19. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC was experienced in scheduling and booking vacations for the benefit of the general public.

20. That at all times herein mentioned, the Defendant CHEAPCARIBBEAN.COM, INC was responsible for the safety of those who registered for vacations with said defendant.

21. That at all times herein mentioned, the Defendant, CHEAPCARIBBEAN.COM, INC owned the premises and appurtenances and fixtures thereto, known as Dreams La Romana Resort & Spa located at Playa Bayahibe, La Romana, southeast coast of the Dominican Republic.

22. That at all times herein mentioned, and upon information and belief, the Defendant, CHEAPCARIBBEAN.COM, INC managed the aforesaid premises.

23. That at all times herein mentioned, and upon information and belief, the Defendant, CHEAPCARIBBEAN.COM, INC operated the aforesaid premises.

24. That at all times herein mentioned, and upon information and belief, the Defendant, CHEAPCARIBBEAN.COM, INC controlled the aforesaid premises.

25. That at all times herein mentioned, and upon information and belief, the Defendant, CHEAPCARIBBEAN.COM, INC maintained the aforesaid premises.

26. That at all times herein mentioned, and upon information and belief, the Defendant, CHEAPCARIBBEAN.COM, INC repaired the aforesaid premises.

27. That at all times herein mentioned, the Defendant DREAMS LA ROMANA RESORT & SPA was responsible for the safety of those who registered and stayed for vacations with said defendant.

28. That at all times herein mentioned, the Defendant, DREAMS LA ROMANA RESORT & SPA owned the premises and appurtenances and fixtures thereto, known as Dreams La Romana Resort & Spa located at Playa Bayahibe, La Romana, southeast coast of the Dominican Republic.

29. That at all times herein mentioned, and upon information and belief, the Defendant, DREAMS LA ROMANA RESORT & SPA managed the aforesaid premises.

30. That at all times herein mentioned, and upon information and belief, the Defendant, DREAMS LA ROMANA RESORT & SPA operated the aforesaid premises.

31. That at all times herein mentioned, and upon information and belief, the Defendant, DREAMS LA ROMANA RESORT & SPA controlled the aforesaid premises.

32. That at all times herein mentioned, and upon information and belief, the Defendant, DREAMS LA ROMANA RESORT & SPA maintained the aforesaid premises.

33. That at all times herein mentioned, and upon information and belief, the Defendant, DREAMS LA ROMANA RESORT & SPA repaired the aforesaid premises.

34. On December 15, 2011 and at all times herein mentioned Plaintiff YEVGENIYA PROKOPISHEN was lawfully on the aforesaid premises.

35. On December 15, 2011 and at all times herein mentioned, while Plaintiff YEVGENIYA PROKOPISHEN was lawfully about the aforesaid premises she caused to sustain serious and permanent injuries due to the negligence and carelessness of the Defendants.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT AMRESORTS, L.P.

36. Plaintiff repeats and realleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

37. That The above mentioned occurrence, and the results thereof, were caused by the recklessness, carelessness and negligence of the defendant AMRESORTS, L.P. in the operation, management, supervision, maintenance and control of the aforesaid premises.

38. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant AMRESORTS, L.P. without any fault or negligence on the part of the Plaintiff contributing thereto.

39. As a result of the defendant's recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries; plaintiff is unable to engage in prolonged sitting, standing, lifting, or bending; plaintiff was required to stay home from work; plaintiff required emergency hospital and medical care and attention; plaintiff was required to undergo x-rays, MRI and/or CT scan, as well as other medical care and treatment; severe pain and suffering; upon information and belief, plaintiff will require future medical care and

attention; plaintiff has been unable to attend to her usual duties; plaintiff has become substantially disabled; plaintiff has been required to undergo physical therapy and may be required to undergo physical therapy in the future; plaintiff has been otherwise damaged; all of which damages are permanent in nature and continuing into the future.

40. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

41. The defendants are jointly and severally liable to the plaintiff.

42. By reason of the foregoing, the plaintiff is entitled to recovery of all of her damages from the defendants in an amount exceeding the sum of $75,000.

## AS AND FOR A SECOND CLAIM FOR RELIEF

## AGAINST DEFENDANT CHEAPCARIBBEAN.COM, INC

43. Plaintiff repeats and realleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

44. That The above mentioned occurrence, and the results thereof, were caused by the recklessness, carelessness and negligence of the defendant CHEAPCARRIBEAN.COM, INC and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

45. Among other things, defendant through its agents, servants, and or employees, was careless, negligent, and in their ownership, operation, control, care, custody, charge, supervision, management, and maintenance of the aforesaid premises and in the ownership, operation, control, supervision, management, and maintenance of the aforementioned premises; in causing, creating, permitting, and or allowing a dangerous, hazardous, defective, and unsafe condition upon said premises; in failing to undertake proper and/or adequate safety studies

and/or surveys; in failing to hire efficient and/or sufficient personnel; in failing to provide plaintiff with reasonably safe condition on the subject premises; in failing to properly operate the aforementioned premises; in causing plaintiff to fall while she was lawfully at the subject premises; in failing to avoid the aforesaid accident which was foreseeable; and the defendant was otherwise reckless, careless and negligent.

46. As a result of the defendants' recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries; plaintiff is unable to engage in prolonged sitting, standing, lifting, or bending; plaintiff was required to stay home from work; plaintiff required emergency hospital and medical care and attention; plaintiff was required to undergo x-rays, MRI and/or CT scan, as well as other medical care and treatment; severe pain and suffering; upon information and belief, plaintiff will require future medical care and attention; plaintiff has been unable to attend to her usual duties; plaintiff has become substantially disabled; plaintiff has been required to undergo physical therapy and may be required to undergo physical therapy in the future; plaintiff has been otherwise damaged; all of which damages are permanent in nature and continuing into the future.

47. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

48. The defendants are jointly and severally liable to the plaintiff.

49. By reason of the foregoing, the plaintiff is entitled to recovery of all of his damages from the defendants in an amount exceeding the sum of $75,000.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANT DREAMS LA ROMANA RESORT & SPA

50. Plaintiff repeats and realleges each of the foregoing allegations with the same force and

effect as if more fully set forth herein.

51. That The above mentioned occurrence, and the results thereof, were caused by the recklessness, carelessness and negligence of the defendant DREAMS LA ROMANA RESORT & SPA and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

52. Among other things, defendant through its agents, servants, and or employees, was careless, negligent, and in their ownership, operation, control, care, custody, charge, supervision, management, and maintenance of the aforesaid premises and in the ownership, operation, control, supervision, management, and maintenance of the aforementioned premises; in causing, creating, permitting, and or allowing a dangerous, hazardous, defective, and unsafe condition upon said premises; in failing to undertake proper and/or adequate safety studies and/or surveys; in failing to hire efficient and/or sufficient personnel; in failing to provide plaintiff with reasonably safe condition on the subject premises; in failing to properly operate the aforementioned premises; in causing plaintiff to fall while she was lawfully at the subject premises; in failing to avoid the aforesaid accident which was foreseeable; and the defendant was otherwise reckless, careless and negligent.

53. As a result of the defendants' recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries; plaintiff is unable to engage in prolonged sitting, standing, lifting, or bending; plaintiff was required to stay home from work; plaintiff required emergency hospital and medical care and attention; plaintiff was required to undergo x-rays, MRI and/or CT scan, as well as other medical care and treatment; severe pain and suffering; upon information and belief, plaintiff will require future medical care and attention; plaintiff has been unable to attend to her usual duties; plaintiff has become

substantially disabled; plaintiff has been required to undergo physical therapy and may be required to undergo physical therapy in the future; plaintiff has been otherwise damaged; all of which damages are permanent in nature and continuing into the future.

54. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

55. The defendants are jointly and severally liable to the plaintiff.

56. By reason of the foregoing, the plaintiff is entitled to recovery of all of her damages from the defendants in an amount exceeding the sum of $75,000.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amount of her damages as set forth above, all together with interest, costs and attorney's fees to the extent permitted by law.

Dated:     Brooklyn, New York
            June 2, 2015

Yours,

**FREKHTMAN & ASSOCIATES**
*Attorneys for Plaintiff*

By: _____
Steven Hoffman, Esq. (SH 2541)
60 Bay 26th Street
Brooklyn, New York 11214
(718) 331 7700

## Attorney's Verification

Steven Hoffman, an attorney duly admitted to practice law in the State of New York and associated with Frekhtman & Associates, attorneys for Plaintiff herein, and that I have read the foregoing Complaint and that the contents thereof; is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes them to be true.

The source of deponent's knowledge is based upon a review of the litigation file maintained in the office. This verification is made by deponent rather than by the plaintiff in that the plaintiff is not now within Kings County, in which county deponent regularly maintains an office.

Dated:  Brooklyn, New York
        June 2, 2015

_____
Steven Hoffman, Esq.

Index No.: 1:14-cv07173(NG)(SMG)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YEVGENIYA PROKOPISHEN,
       Plaintiff,

-against-

AMRESORTS, L.P. AND CHEAPCARRIBEAN.COM, INC.,

       Defendants.

**AMENDED SUMMONS AND AMENDED COMPLAINT**

*Law Offices of*
*Frekhtman & Associates*
*Attorneys for Plaintiff*
*60 Bay 26th Street*
*Brooklyn, New York 11214*
*(718) 331-7700*

TO: BAKER & MCKENZIE LLP
   Attorneys for Defendant
   AMResorts, L.P.
   452 Fifth Avenue
   New York, NY 10018
   Tel: (212) 626-4100

   MCBREEN & KOPKO
   Attorneys for Defendant
   CheapCaribbean.com, Inc.
   500 N. Broadway, Suite 129
   Jericho, NY 11753
   Tel: (516) 364-1095

   DREAMS LA ROMANA RESORT & SPA
   Playa Bayahibe, La Romana
   PO Box 80
   Dominican Republic